# Court of Appeals
# of the State of Georgia

ATLANTA,   February 06, 2015

*The Court of Appeals hereby passes the following order:*

**A15A0924.  FORSYTH COUNTY, GEORGIA v. DAN APPELROUTH et al.**

Dan and Arlene Appelrouth filed an action for damages and injunctive relief against Forsyth County and Cesar and Janis Rodriguez; the County and the Rodriguezes then filed cross-claims against each other.  The County moved to dismiss the claims and cross-claims against it on sovereign immunity grounds.  The trial court denied the County's motions, and the County has appealed directly to this Court.

Ordinarily, the denial of a motion to dismiss is an interlocutory order that may be appealed only through the interlocutory appeal procedure.  See OCGA § 5-6-34 (b).  The County contends, however, that it is entitled to directly appeal the trial court's ruling under *Board of Regents v. Canas,* 295 Ga. App. 505 (672 SE2d 471) (2009). In *Canas*, we held that the collateral order doctrine[1] permits a direct appeal from an order "that denies a motion to dismiss, based on a conclusive determination that the State (or a state officer or employee) is not immune from suit on the basis of sovereign immunity." Id. at 507 (1); see also *Effingham County v. Roach*, __ Ga. App. __ n. 1 (764 SE2d 600) (Case No. A14A1236, decided October 30, 2014) ( "The collateral order doctrine allows direct appeals of interlocutory rulings that deny motions to dismiss based on conclusive determinations that the State or a state officer or employee is not immune from suit based on sovereign immunity.").

---

[1] Under the collateral order doctrine, an interlocutory order may be appealed directly if it: (1) resolves an issue that is substantially separate from the basic issues to be decided at trial, (2) would result in the loss of an important right if review had to await final judgment, and (3) completely and conclusively decides the issue on appeal.  *Britt v. State*, 282 Ga. 746, 748 (1) (653 SE2d 713) (2007).

The order in this case, however, reveals that the trial court has not made such a conclusive determination. To the contrary, the court ruled that if certain allegations "are established by evidence at trial, [the Appelrouths and Rodriguezes] could prevail against the County's sovereign immunity defense." Under these circumstances, *Canas* and the collateral order doctrine are inapplicable, and the County was required to comply with the interlocutory appeal procedure of OCGA § 5-6-34 (b) to appeal the trial court's order. The County's failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____02/06/2015_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*